**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HELBERTH ALBERTO CHAVEZ MERIDA, | No. 12-73382 |
| Petitioner, | Agency No. A075-669-819 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Helberth Alberto Chavez Merida, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his motion to

reopen removal proceedings conducted in absentia.  Our jurisdiction is governed

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by § 1252.  We review for abuse of discretion the denial of a motion to reopen.
*Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).  We dismiss in part
and deny in part the petition for review.

We lack jurisdiction to consider Chavez Merida's contention regarding
equitable tolling of the motion to reopen filing deadline because he failed to
exhaust this contention before the BIA.  *See Tijani v. Holder*, 628 F.3d 1071, 1080
(9th Cir. 2010).

The BIA did not abuse its discretion by denying Chavez Merida's motion to
reopen as untimely where Chavez Merida filed his motion more than four years
after his in absentia removal order was issued, regardless of whether he was subject
to the 90-day or the 180-day filing deadline for motions to reopen.  *See* 8 U.S.C.
§ 1229a(b)(5)(C)(i), (c)(7)(C)(i).  Because this determination was dispositive, the
BIA did not need to reach Chavez Merida's remaining contentions.

In his opening brief, Chavez Merida fails to raise, and therefore has waived,
any challenge to the BIA's determination that notice of the hearing was sufficient.
*See Tijani*, 628 F.3d 1071 at 1080.

We reject Chavez Merida's contention that the BIA's decision was
ambiguous or unclear.  *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir.
2010) (the BIA need only "announce its decision in terms sufficient to enable a

reviewing court to perceive that it has heard and thought and not merely reacted" (internal quotations omitted)).

**PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.**